IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 11-57 |
| | ) Civil A. No. 20-907 |
| KEENA J. STANTON, | ) Judge Nora Barry Fischer |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

AND NOW, this 18th day of November, 2022, upon consideration of Defendant Keena J. Stanton's Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255, (Docket No. [231]), wherein Defendant seeks to vacate his conviction and sentence for felon-in-possession of a firearm at Count 1 due to alleged errors in the Superseding Indictment, trial evidence, and jury instructions under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) but does not challenge his conviction and the concurrent sentence for possession with intent to distribute crack cocaine at Count 4, and the Court having stayed the matter while direct appeals were pending and granted Defendant's request to submit an amended petition because the original petition was filed for the purpose of preserving his claims for relief and that an amended petition would "provide more support for each of the grounds set for relief […] after further research and investigation" within the timeframe set forth in 28 U.S.C. § 2255(f), i.e., by November 3, 2022, and the Court having been advised by appointed counsel that an amended motion will not be filed and having been otherwise alerted by the U.S. Probation Office that Defendant was released from the custody of the Bureau of Prisons on September 6, 2022 and has since commenced his 6-year term of supervised release, (consisting of concurrent terms of supervised release of 3 years for felon-in-possession of firearm at Count 1 and 6 years for possession with intent to deliver crack cocaine at Count 4),

1

IT IS HEREBY ORDERED that Defendant's Motion [231] is DENIED as it plainly appears from the motion and the record of prior proceedings that Defendant is not entitled to relief.  *See* 28 U.S.C. § 2255(b).

IT IS FURTHER ORDERED that Defendant failed to make a substantial showing of a denial of a Constitutional right and is not entitled to a certificate of appealability.

In so holding, the Court notes that although Defendant has now been released from custody, "[i]t is well established that a petitioner satisfies the 'in custody' requirement [of § 2255] if he is on supervised release at the time the § 2255 motion is filed." *United States v. Jacobs*, No. CR 93-141, 2018 WL 466044, at *3 (W.D. Pa. Jan. 18, 2018) (citing *United States v. Baird*, 312 F. App'x. 449, 450 (3d Cir. 2008) ("We have made plain that a petitioner on supervised release is 'in custody' for purposes of § 2255")).  With that said, when reviewing a § 2255 petition, "[t]he concurrent sentence doctrine allows a court the 'discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentences on all counts are concurrent.'"  *Duka v. United States*, 27 F.4th 189, 194 (3d Cir. 2022) (quoting *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997)).

Courts have exercised their discretion to apply the concurrent sentence doctrine to deny *Rehaif* claims brought by habeas petitioners if an order vacating the conviction would not affect the length of the sentence imposed on the concurrent counts of conviction.  *See Suggs v. Warden Loretto FCI*, No. 21-2497, 2022 WL 1535284, at *2 (3d Cir. May 16, 2022) (quoting *Duka*, 27 F.4th at 195) ("Because even success on his *Rehaif* claim would not reduce his time in prison, 'it was not an abuse of discretion for the trial judge to preserve judicial resources by declining to consider the substance of [Suggs's] ... challenge under the logic of the concurrent sentence

doctrine.'"); *United States v. Sierra*, No. CR 06-522-1, 2022 WL 16783858, at *3 (E.D. Pa. Nov. 8, 2022) ("Because Sierra was sentenced to concurrent, 120-month terms of incarceration on Counts I, II and IV, his § 922(g) conviction clearly had no effect on the length of his sentence. And insofar as the decision in *Rehaif* would apply only to Sierra's § 922(g) conviction on Count IV, and his sentences on Counts I and II would be otherwise undisturbed, the concurrent sentence doctrine may be applied in this case such that the Court need not consider Sierra's habeas challenge at all."); *United States v. Robinson*, No. CR 15-596, 2021 WL 5083992, at *2 (E.D. Pa. Nov. 2, 2021), *certificate of appealability denied*, No. 21-3302, 2022 WL 2155062 (3d Cir. Apr. 8, 2022) ("because the term of imprisonment on the 922(g) charge is entirely concurrent to and less than the sentence imposed on the other count, this habeas challenge need not be addressed under the concurrent sentence doctrine."). The same is true here because even if Defendant succeeded on his habeas challenge to the § 922(g)(1) conviction, it would not reduce the concurrent 6-year term of supervised release he is currently serving as to Count 4 for possession with intent to distribute. As such, the Court exercises its discretion to deny his motion under the concurrent sentence doctrine. *See Duka*, 27 F.4th at 194.

Beyond this hurdle, the subsequent caselaw from the Supreme Court in *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021) and the United States Court of Appeals for the Third Circuit in *United States v. Adams*, 36 F.4th 137 (3d Cir. 2022), among other decisions, make clear that Defendant has not set forth a meritorious claim that his § 922(g)(1) conviction should be vacated under § 2255 due to the unpreserved *Rehaif* errors he generally raises here. "*Greer*, in effect, created a presumption that the knowledge-of-status element is satisfied whenever a § 922(g)(1) defendant is, in fact, a felon." *Adams*, 36 F.4th at 152. *Greer* also placed the burden on the defendant to argue that he did not know he was a felon at the time and at least proffer

3

evidence that he would present at trial in support of such argument. *Greer*, 141 S. Ct. at 2100. Defendant makes no such arguments in the pending motion and has declined to submit an amended motion further supporting his claims. (*See* Docket No. 231).

In any event, the record before the Court plainly demonstrates Defendant knew, in fact, that he was a felon at the time of his criminal conduct, (i.e., July 31, 2010), which led to the § 922(g)(1) conviction. *See Adams*, 36 F. 4th at 152 (reviewing court may consider the "entire record" including the presentence report). Among other things,

- Defendant stipulated at the time of trial that he was previously convicted of a felony, (Docket No. 109);

- his Amended Presentence Investigation Report[1] ("PIR") details his prior felony convictions for the state offenses of terroristic threats, possession with intent to deliver crack cocaine, and stalking; (Amended PIR at ¶¶ 50, 51, 55, 56);

- his PIR further notes that he had been sentenced to 11 and ½ months to 23 months' imprisonment on the two latest felony cases and was paroled on February 24, 2010 or only a few months before his criminal conduct, (Amended PIR at ¶¶ 55, 56); and,

- finally, the July 24, 2006 transcript of the plea hearing in the Court of Common Pleas of Allegheny County reveals that Defendant told the Honorable David Cashman that he understood that the possession with intent to deliver count to which he pled guilty was an ungraded felony with a "maximum penalty of a period of incarceration not less than five nor more than ten years." (Docket No. 34-6 at 2-3).

All told, Defendant has not alleged that he did not know he was a felon, the record conclusively demonstrates that he had knowledge of his felon status and the subsequent caselaw teaches that

---

[1] At the November 21, 2016 sentencing hearing, Defendant stated that he received and reviewed the Amended PIR with his counsel. (Docket No. 224 at 6). He did the same with reference to the original PIR at the prior sentencing hearings on January 9, 2014 and May 11, 2015. (Docket Nos. 149 at 6; 179 at 7-8). He was also aware of the contents of the PIR and the Amended PIR given the substantial litigation in this matter as to whether his prior felony offenses were predicate offenses for the Armed Career Criminal and Career Offender enhancements. *See United States v. Stanton*, 2021 WL 3421179, at *1-3 (3d Cir. 2021). This Court ultimately determined that neither enhancement applied and the sentence was affirmed on appeal. *Id.*

he therefore cannot establish that he was prejudiced by the asserted errors.[2]  *See Greer*, 141 S. Ct. at 2096-97; *see also Adams*, 36 F. 4th at 152.  Accordingly, Defendant's § 2255 Motion must be denied because he has not alleged facts which would plausibly entitle him to relief and his claim fails as a matter of law.  *See* 28 U.S.C. § 2255(b); *see also United States v. Arrington*, 13 F. 4th 331, 335 (3d Cir. 2021).  An appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record.

---

[2]  For essentially the same reasons, Defendant would be unable to show that the claims were not procedurally defaulted.  *See e.g., United States v. Jesse Penn*, Cr. No. 12-240, 2022 WL 395058 (W.D. Pa. Feb. 9, 2022); *Rutherford v. United States*, 2022 WL 3042661, at *2 (W.D. Pa. Aug. 2, 2022) (collecting cases).